FREEBORN G. WATERS
vs.                          March Term, 1848.
REBECCA WATERS ET AL.

[WILL, CONSTRUCTION OF—TRUSTEE AND CETERIS QUE TRUST.]

A TESTATOR, after disposing of certain portions of his estate, devised all the residue of his property to the complainant, in trust, to hold the income, rents and profits of one-third part of said residue for the use of his grandson, the defendant, during his life ; such income, &c., to be paid to him, from time to time, as they might accrue, and after his death to his children, in fee ; and failing children, to other grandchildren, to whom the remaining two-thirds were in like manner devised.  At the time of the testator's death, the grandson was indebted to him in a large sum of money ; but, it appearing that the testator did not mean to regard him as his debtor in respect thereof, it was HELD—

That, to enforce the payment of this debt out of the defendant's share of this income and profits, would defeat the clear intention of the testator to provide his grandson a competent support.

That it was the duty of the complainant, the trustee, to retain the amount of a loss, occasioned by the failure of the defendant, to comply with the terms upon which he purchased a part of the trust estate, out of the income of said trust estate, payable to the defendant.

[The late Charles Waters, died on the 12th May, 1846, leaving a last will and testament, whereby, after sundry dispositions of a portion of his estate, he devised all the residue thereof, to the complainant, in trust, to hold the income interest, rents and profits, of one-third part of said residue, for the use of his grandson, the defendant, Charles A. Waters, during his life such income, &c., to be paid to him from time to time, as they might accrue ; and after his death, to his children in fee, and failing children, to other grandchildren, to whom the remaining two-thirds were in like manner devised.  Certain disputes arising amongst the devisees of deceased, a bill was filed in this court by the complainant, 'for the adjustment of their differences.  A petition was subsequently filed by him, in the cause, stating that the devisee, Charles A. Waters, was indebted to the testator, in his lifetime, in a large sum of money, for which his share of the estate ought to be liable ; that he·

had possessed himself of certain negroes, and other personal property of the deceased, claiming the same under a gift from him; and, was also in possession of a tract of land in Baltimore county, belonging to the testator's estate, which he refused to deliver to the petitioner, although, by a decree of the Chancellor, passed in January, 1848, in a cause between the said Charles A. Waters, complainant, and Charles Howard, and others, defendants, it was declared, that the said Charles A. Waters, had no title to said real and personal property, and that although an appeal was taken from the decree by said Waters, he had failed to give bond for the prosecution thereof; and contended, that it would be better for all parties, to permit him to retain possession of the property, and make his share of the estate in the hands of the trustee, responsible for the prosecution of the appeal. The petitioner further stated, that, at a sale made by him as trustee, the said Waters, became a purchaser of a part of the testator's estate, but he refusing to comply with terms of sale, the same was resold at a considerable loss, with which the share of said Waters, in the estate of the deceased, was properly chargeable. The object of the petition, was to obtain the directions of the court, as to the manner in which the trustee should act under the circumstances. An answer was put in to the petition, and same testimony taken in relation thereto ; and the cause having been heard at this term, the Chancellor delivered the following opinion :]

THE CHANCELLOR :

Upon considering the petition, filed by Freeborn G. Waters, in this case, on the 20th of March last, and the answer thereto, and the other proceedings in the cause, and after hearing the counsel, my opinion is, that the share of the income and profits of the trust estate, in the hands of the petitioner, to which under the will of the testator, Charles Waters, his grandson, Charles A. Waters is entitled, are not chargeable with the claims against the said Charles A. Waters, which are stated to have become due to the testator in his lifetime—my opinion

17*

upon this point, is founded upon the conviction, looking to all the proceedings and evidence in the cause, that the testator did not mean to regard him as his debtor in respect of those claims, and that to enforce them, in the only way in which they can be enforced, and in the mode the petition proposed, by appropriating his share of the income and profits to their payment, would defeat the clear intention of the testator to provide his grandson a competent support.

But, with regard to the claim mentioned in the petition, growing out of the failure of the said Charles A. Waters, to to comply with the terms, upon which he purchased a portion of the estate sold by the trustee, Freeborn G. Waters, and the loss upon a resale thereof, I think the said Charles A. Waters, is liable to the trust estate, and that it is the duty of the said trustee, to retain the amount of the said loss, when ascertained out of the income of the trust estate payable to the said Charles A. Waters.

I am also of opinion, that the said Charles A. Waters is chargeable with the rents, hires, and profits, of the real and personal estate, in the proceedings mentioned, in the case of the said Charles A. Waters, against Charles Howard and wife, and others, and in which this court passed a decree on the 28th of January last; and for any waste or deterioration of said estate, caused by the negligence or misconduct, of the said Charles A. Waters, whilst the same has been in his possession, since the death of the said testator, if any such waste or deterioration shall be proved.

This opinion rests upon the intention of the testator, as remarked upon in deciding the said case of Waters vs. Howard and others, to place his grandchildren upon a footing of equality which would be defeated, if the said Charles A. shall be permitted to receive the rents and profits of the property in his possession, and appropriate them to his own use, and likewise receive his full proportion of the income of the residue of the trust estate.

And, if by his negligence or misconduct he shall impair the value of that portion of the trust estate, to the possession of

which he has, in my judgment, no right, nothing can be fairer, or more equitable, than that the loss shall fall upon him alone.

I do not think, that the share of the trust estate of the said Charles A. Waters, in the hands of the trustee, can be made responsible for the prosecution of the appeal, which, it appears has been taken by him, the said Charles A., from the decree passed upon his bill, against Charles Howard and others—but until that appeal shall be decided, I see no objection to permitting the said Charles A., to retain the possession of the said property, he being chargeable with the rents and profits thereof, to be retained from his share of the income of the residue of the trust estate. An order will be passed in conformity with these views, with liberty to the petitioner, to apply for further directions as to proceedings, to secure possession of the trust estate, in the possession of the said Charles A. Waters, should circumstances render it necessary.

[No appeal was taken from this order.]